NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA FERNANDA CHAPA
MARTINEZ; CARLOS ARMANDO
CALDERON MORALES; I.A.C.C.;
C.Z.C.C.,

        Petitioners,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 24-5434

Agency Nos.
A244-045-965
A244-045-964
A244-045-966
A244-045-968

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2025[**]
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

    Petitioners Maria Fernanda Chapa Martinez, her spouse Carlos Armando

Calderon Morales, and her two minor children petition for review of the Board of

Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ")

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order denying their applications for asylum, withholding of removal ("withholding"), and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of asylum, withholding, and CAT protection for substantial evidence, *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), and the BIA's determination of whether a proposed particular social group ("PSG") is cognizable de novo. *Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024). We deny the petition for review.

1. Petitioners argue that the IJ erred in finding that they failed to show a cognizable PSG, because members of the proposed "Mexican small business owners" PSG have an immutable characteristic.[1] But Petitioners did not raise this challenge before the BIA and therefore this claim is unexhausted. "A noncitizen who seeks to challenge an order of removal in court must first exhaust certain administrative remedies." *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023). "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

---

[1] On appeal, Petitioners make arguments only about one of their proposed PSGs: "Mexican small business owners." They have therefore not exhausted the arguments based on their anti-cartel political opinion or any other proposed PSG. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that issues not "specifically and distinctly" argued in a party's opening brief are unexhausted).

To establish eligibility for asylum, an applicant must demonstrate that she is a "refugee," 8 U.S.C. § 1158(b)(1)(B)(i), which the Immigration and Nationality Act defines as a person who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42)(A); *see also* 8 C.F.R. § 1208.16(b) (similar standard for withholding of removal). A "particular social group" is cognizable when it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020).

Petitioners argued before the BIA that their proposed PSG is socially distinct, but they never challenged the IJ's finding on immutability, which is a separate element. *See id*. The failure to exhaust this argument below is dispositive of their asylum and withholding claims because immutability is an essential element of establishing a cognizable PSG.[2] Accordingly, the petition for review is denied as to the asylum and withholding of removal claims.

2. Substantial evidence supports the IJ's denial of CAT protection. To obtain CAT relief, Petitioners must demonstrate that they would be subject to a

---

[2] Additionally, Petitioners briefly argue that the IJ misconstrued their PSG as "business owners" instead of "small business owners." This argument too was not administratively exhausted.

"particularized threat of torture," which "would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (citation modified). Substantial evidence supports the IJ's determination that future harm against Petitioners is speculative because there is no evidence that anyone is looking for their family members; that, "as healthy individuals with [a] background in business," they could likely avoid harm by "relocating to another area of Mexico"; and there is no showing of governmental acquiescence because, as the IJ noted, the country condition report that Chapa Martinez submitted shows that "Mexico is doing [its] part to combat criminal organizations." *See, e.g.*, *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[A] speculative fear of torture is insufficient to satisfy the 'more likely than not' standard."); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (finding "generalized evidence of violence and crime in Mexico is not particular to [a petitioner] and is insufficient" to support a CAT claim); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues.